```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA
```

RITA R. REMBERT,                )
                                )
            Plaintiff,           )
                                )
v.                              )    Case No. CIV-12-363-RAW-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )

**REPORT AND RECOMMENDATION**

Plaintiff Rita R. Rembert (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 3, 1954 and was 56 years old at the time of the ALJ's decision. Claimant completed her high school education and one year of cosmetology school. Claimant has worked in the past as a cosmetologist, lock assembler, and telemarketer. Claimant alleges an inability to work beginning May 23, 2004 due to limitations resulting from injuries sustained in an automobile

accident.

**Procedural History**

On October 9, 2009, Claimant protectively filed for Disabled Widows Benefits and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On September 26, 2011, an administrative hearing was held before ALJ Charles Headrick in Tulsa, Oklahoma. On October 28, 2011, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on June 20, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work as a beauty shop operator, lock assembler, and telemarketer.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) finding

Claimant could perform her past relevant work; and (2) improperly applying the grids.

## Step Four Findings

In his decision, the ALJ determined Claimant suffered from the severe impairments of depression, borderline intellectual functioning, polysubstance abuse, status post motor vehicle accident, left shoulder, and right elbow injury. (Tr. 12). He also found Claimant retained the RFC to perform light work except that she is limited from frequently climbing ramps and stairs, never climbing ladders, ropes or scaffolds, frequently balancing, stooping, kneeling, crouching, and never crawling. (Tr. 14). After consultation with a vocational expert, the ALJ determined Claimant could perform her past relevant work as well as the representative occupations of office helper, cashier, food order clerk, and charge account clerk. (Tr. 19).

Claimant contends that the ALJ erred in concluding Claimant could perform her past relevant work. In analyzing Claimant's ability to engage in his past work, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. <u>Winfrey v. Chater</u>, 92 F.3d 1017, 1023 (10th Cir. 1996). Claimant complained during the hearing that her knees caused her pain and that her ankles swelled. Her swelling is

relieved by elevating her feet. (Tr. 40-41). The medical records of Dr. Charles Moses supports the diagnosis and treatment of the condition. (Tr. 483-89). The ALJ failed to discuss this limitation or Dr. Moses medical records. On remand, the ALJ shall consider this impairment and the effect upon his RFC determination.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. Id. In making this determination, the ALJ may rely upon the testimony of the vocational expert. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). The ALJ in this case inquired of the vocational expert as to the demands of Claimant's past relevant work. (Tr. 55). The expert testified the beauty operator job requires the ability to perform light work, the lock assembly job requires light work, and the telemarketing job requires sedentary work. (Tr. 55). The ALJ's hypothetical questioning did not necessarily include all of Claimant's limitations, given this Court's finding that the RFC is wanting. (Tr. 56). As to whether the limitations were accurately represented given Claimant's limitations in the use of her knees and ankles, the ALJ should reconsider this questioning on remand.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. Winfrey, 92 F.3d

6

at 1023. The ALJ asked the vocational expert whether someone at Claimant's determined RFC could perform the jobs which constituted Claimant's past relevant work. Consequently, the ALJ fulfilled his obligation in the third phase. Again, on remand, the ALJ should reassess whether all limitations were considered in the questioning.

The same may also be said with regard to the questioning at step five. On remand, the ALJ should consider whether Claimant's RFC was accurately represented in the questioning of the vocational expert in light of additional impairments and limitations.

**Application of the Grids**

Claimant contends the application of Grid Rule 202.21 was improper because he was of advanced age before the end of the relevant period of disability and this rule applies to younger individuals. This appears to be accurate that the ALJ committed this error. On remand, the ALJ shall re-evaluate his application of this grid rule.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social

7

Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 6th day of September, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE